(No. 15617.—Judgment reversed.)

THE NATIONAL IRON AND STEEL COMPANY, Defendant in Error, *vs.* ROBERT W. HUNT *et al.* Plaintiffs in Error.

*Opinion filed April 14, 1924—Rehearing denied June 5, 1924.*

1. NEGLIGENCE—*injured party not entitled to damages unless duty exists, by contract or otherwise.* A party injured by mere negligence, however gross, is not entitled to damages unless there exists between the party inflicting the injury and the injured party some privity, by contract or otherwise, by reason of which the former owes some legal duty to the latter.

2. SAME—*when purchaser of steel rails is not entitled to damages for alleged negligence of inspector.* A purchaser of second-hand steel rails is not entitled to recover damages from an inspecting corporation for alleged negligence in certifying that they were first-class re-laying rails, where the certificate was not made for such purchaser but for the vendor at the time he purchased the rails from another party more than a month before the rails were purchased by the plaintiff, there being no contractual relation between the inspecting corporation and the plaintiff and no notice that the plaintiff was relying on the certificate of inspection.

3. SAME—*duties and obligations of persons holding themselves out as expert inspectors.* Persons holding themselves out as expert inspectors of trade commodities assume the duties and obligations of experts only when employed to render expert services, and their obligations in that regard extend only to those who buy and pay for such services.

WRIT OF ERROR to the First Division of the Appellate Court for the First District;—heard in that court on appeal from the Superior Court of Cook county; the Hon. JAMES S. BALDWIN, Judge, presiding.

GOODRICH, VINCENT & BRADLEY, (WARREN NICHOLS, and FRANK L. WOLF, of counsel,) for plaintiffs in error.

ADAMS, FOLLANSBEE, HAWLEY & SHOREY, (CLYDE E. SHOREY, of counsel,) for defendant in error.

Mr. JUSTICE THOMPSON delivered the opinion of the court:.

Robert W. Hunt & Co., a co-partnership engaged in the business of inspecting and testing construction and building materials, was employed by the H. M. Foster Company, of Baltimore, Maryland, dealer in steel rails, to inspect a certain lot of second-hand re-laying rails which the Foster Company had purchased from the Jos. Joseph & Bros. Company subject to such inspection. Robert W. Hunt & Co. had been in business for more than twenty-five years, and at the time this inspection was made it inspected approximately eighty per cent of the re-laying rails sold in this country. The inspection was completed early in April, and a final certificate, dated April 16, 1913, was issued to the Foster Company, showing that the rails had been shipped from the Coney Island and Brooklyn Railroad Company for the Jos. Joseph & Bros. Company on account of the Foster Company and consigned to the last named company at Norfolk, Virginia. May 27 the Foster Company sold these rails to the National Iron and Steel Company, of Houston, Texas, defendant in error, and thereafter by letter requested Robert W. Hunt & Co. to strike from the certificate of inspection the name of the Jos. Joseph & Bros. Company and to show the destination to be Galveston, Texas, and to change the date of the report to June 3. Robert W. Hunt & Co. refused to change the date of the report but complied with the request in other respects. The Foster Company attached the revised certificate of inspection and the bill of lading to a sight draft which it forwarded to defendant in error, and the latter paid the total purchase price. Some weeks later the rails were delivered to a customer of defendant in error, and he refused to accept them upon the ground that they were not first-class re-laying rails. Robert W. Hunt & Co. was employed by defendant in error to inspect these rails for it, and the inspector who inspected the

rails in Texas reported that they were not first-class re-laying rails. Thereupon defendant in error brought an action of trespass on the case in the superior court of Cook county against plaintiffs in error and recovered damages amounting to $4688.24. On the trial plaintiffs in error requested the court to instruct the jury to find for them, and this request was denied. At the conclusion of the trial a motion in arrest of judgment was made and overruled, and judgment was entered on the verdict. The Appellate Court affirmed the judgment, and the cause is here by *certiorari*.

For an injury arising from mere negligence, however gross, there must exist between the party inflicting the injury and the one injured some privity, by contract or otherwise, by reason of which the former owes some legal duty to the latter. With respect to the inspection made in April for the H. M. Foster Company, there were no contractual relations between defendant in error and plaintiffs in error. It was more than a month after this contract for inspection was completed before defendant in error entered into negotiation with the Foster Company for the re-laying rails in question. Before defendant in error purchased these rails it did not request nor receive a report from plaintiffs in error, but it apparently acted upon the report made by plaintiffs in error to the Foster Company in April. Plaintiffs in error owed no duty to defendant in error at the time this report was made nor at the time it acted upon the report. Their contract was with the Foster Company, and their undertakings were necessarily subject to modifications and waiver by the contracting parties. If defendant in error or other third persons can acquire a right in this contract the contracting parties are deprived of control over their own contract. The fact that plaintiffs in error held themselves out as expert inspectors, and the fact that business men relied upon their reports in purchasing materials, do not change the rule. They only assumed the duties and obligations of experts when they were employed to render

expert services, and their obligations in that regard extended only to persons who bought and paid for their services.

In *Gordon* v. *Livingston*, 12 Mo. App. 267, Livingston, an expert grain inspector, certified to a mill that certain wheat was No. 1 red winter wheat, when, in fact, it was of an inferior grade. The mill sold the wheat to Gordon, and he, relying on the certificate of inspection, paid for the wheat without examining it. It was held that Gordon could not recover damages from Livingston for the reason that Livingston owed no legal duty to Gordon. In *Kahl* v. *Love*, 37 N. J. L. 5, a collector of taxes issued a receipt showing payment of certain taxes in full, when, in fact, a part of the taxes was unpaid. The lots subject to these taxes were sold, and the purchaser sought to recover damages from the collector by reason of his neglect in issuing the false receipt, but recovery was denied. In *National Savings Bank* v. *Ward*, 100 U. S. 195, an attorney certified to A that he had a clear title to a certain lot. A applied to B for a loan, and B, relying on the opinion of the title furnished by the attorney to A, loaned the money. Payment not being made when due, B sought to collect by selling the premises, and discovered that A had no title to the lot and was insolvent. Thereupon B sought to recover damages from the attorney because of his negligent examination of the title, but the court held that there was no privity of contract between the attorney and B, and that the former was not liable to B for any loss sustained by reason of the opinion furnished to A. In *Thomas* v. *Guarantee Title and Trust Co.* 81 Ohio St. 432, 91 N. E. 183, an action was brought to recover damages from an abstracter who had furnished to the owner of a tract of land a defective abstract of title. A subsequent purchaser sought to maintain the action on the ground that parties dealing in real estate rely upon abstracts furnished former owners and that the abstracter owes a legal duty to all persons dealing with the land to make the abstract accurate. The court held that there was no contract-

ual relation between the abstracter and the subsequent purchaser, and that usage or custom could not create a contract or a liability where none otherwise existed, and concluded that the action could not be maintained. In *Buckley* v. *Gray,* 110 Cal. 339, 42 Pac. 900, it was held that an attorney employed to draw a will is not liable to a person who, through the attorney's neglect or ignorance in the discharge of his professional duties, has been deprived of the portion of the estate which the testator instructed the attorney should be given such person by his will, the basis of the decision being that there was no privity between the attorney and the disappointed beneficiary. In *Landell* v. *Lybrand,* (Pa.) 107 Atl. 783, it was held trespass for neglect will not lie against certified public accountants, by one having no contractual relation with them, for loss caused by reliance upon their false report in purchasing stock of a corporation upon which they reported, where the report was shown to the purchaser by one suggesting the purchase, and there was nothing to show that the report was made with intent to deceive the purchaser.

It has been held that a public weigher who was ordered by the seller to weigh goods sold and was paid by the seller for his services owed a duty to the buyer to weigh carefully, though there was no contract between them, where he knew that the purpose of the weighing was to determine the amount the buyer should pay and where he furnished a copy of his certificate to the buyer for that purpose, (*Glanzer* v. *Shepard,* 233 N. Y. 236, 135 N. E. 275,) and that where an abstracter knows that the person to whom he delivers an abstract at the expense of the owner, who ordered and paid for it, will rely upon it in making a trade or purchase, he is liable in damages to such person for any loss resulting from a material error or omission, (*Anderson* v. *Spriestersbach,* 69 Wash. 393, 125 Pac. 166,) but these decisions do not furnish authority for affirming the judgment in the case at bar. Plaintiffs in error did not deliver a cer-

tificate of inspection to defendant in error, nor were they advised by defendant in error that it was going to rely upon their inspection.

The judgments of the Appellate and superior courts are reversed.
                                        *Judgment reversed.*