# Renn et al., Trustees, v. Provident Trust Co.

*Percival H. Granger*, for plaintiffs.
*Townsend, Elliott & Munson*, for defendant.

LAMBERTON, J., August 9, 1937.—Plaintiffs brought suit in trespass against defendant and filed a statement of claim which contains the following averments:

Plaintiffs are liquidating trustees of the Tenth and Chestnut Street Building and Loan Association, a Pennsylvania corporation, hereinafter called the building association. Defendant is a corporation engaged in the banking and trust business in the City of Philadelphia. Defendant, as trustee, at all times in which we are interested, was the owner of a first mortgage in the principal sum of $9,000 upon premises 6386 Drexel Road, in the City of Philadelphia, owned by Mary J. Poulterer, wife of William T. Poulterer, the mortgage being executed by both Mr. and Mrs. Poulterer. The building association was the owner of a second mortgage in the principal sum of $6,000 upon the same property. In January

1933, when both mortgages were in default, Mrs. Poulterer informed counsel for the building association that she and her husband were interested in some way in a trust estate created by the will of William S. Taylor, grandfather of Mr. Poulterer. Counsel for the building association talked over the telephone with Louis J. Knodel, assistant trust officer of defendant, and discussed with him the defaults under the two Poulterer mortgages and inquired as to the trust estate created by William S. Taylor. Mr. Knodel confirmed the fact that there was a William S. Taylor trust estate and stated that he would send to counsel for the building association a copy of the will creating this trust. The following day, January 21, 1933, counsel for the building association received from Mr. Knodel a letter enclosing what purported to be a copy of the will of William S. Taylor, grandfather of Mr. Poulterer, certified by defendant to be a true and correct copy. Counsel for the building association noted that the copy of the will sent to him by Mr. Knodel contained a spendthrift trust clause, and thereupon he advised the directors of said association that no attachment could be issued against said trust estate. On September 15, 1935, counsel for the building association was informed by counsel for defendant that the copy of the will furnished by Mr. Knodel in January 1933 was not a copy of the will of William S. Taylor, grandfather of Mr. Poulterer, but was a copy of the will of an entirely different William S. Taylor, and that the will of the William S. Taylor who was the grandfather of Mr. Poulterer contained no spendthrift trust clause. Meanwhile defendant had entered judgment on the first mortgage and had attached in its own hands income from the trust estate created by William S. Taylor, grandfather of Mr. Poulterer. As a consequence of the information conveyed to counsel for the building association by Mr. Knodel in January 1933, the building association refrained from entering judgment on its second mortgage until October 15, 1935, at which time no assets of Mr. and Mrs. Poulterer could be found. The

statement of claim finally avers that the building association sustained financial injury to the extent that it would have recovered had it not relied on defendant's negligent statements in January 1933, and that said injury is the direct result of carelessness and negligence on the part of defendant, its servants, agents and employes.

Defendant filed an affidavit of defense raising questions of law, averring that "the statement of claim does not disclose a good cause of action, in that it does not disclose that defendant owed any duty to plaintiff, and in the absence of such duty plaintiff cannot recover for the alleged negligent act of defendant."

The statement of claim does not aver fraud, and at the argument counsel for plaintiffs specifically stated that he did not allege fraud. In plaintiff's brief appears the following:

"At the outset, it is important to note that plaintiffs have filed no averments of fraud or deceit, because they base their case solely on liability for negligent language."

Plaintiffs rely upon International Products Co. v. Erie R. R. Co., 244 N. Y. 331, Glanzer et al. v. Shepard et al., 233 N. Y. 236, Houseman v. Girard Mut. B. & L. Assn., 81 Pa. 256, and McCaraher v. Commonwealth, 5 W. & S. 21, in which recovery was allowed, while defendant relies upon Tredway v. Ingram, 102 Pa. Superior Ct. 459, Landell v. Lybrand et al., 264 Pa. 406, and Cohen v. Tradesmens National Bank, 262 Pa. 76, in which recovery was denied. These cases are not in conflict, but all apply the same rule of law to varying states of fact. That rule of law is well stated in Cohen v. Tradesmens National Bank, supra, in the following language:

"As stated above, the action is negligence, an action which can be maintained only in case defendant fails in or negligently performs, some duty which he owes to the plaintiff. That duty may be express or implied, may be a specific duty owing to plaintiff, or a general one owing to the public, of which plaintiff is a part, and it may arise as the result of a contract, a statute or the common law;

but it must exist in some way as between the plaintiff and the defendant."

We find the same thought in Landell v. Lybrand et al., supra, stated as follows:

"There were no contractual relations between the plaintiff and defendants, and, if there is any liability from them to him, it must arise out of some breach of duty, for there is no averment that they made the report with intent to deceive him."

And in Tredway v. Ingram, supra, it is said:

" 'This action in Trespass is founded upon negligence; it is so averred in the Statement of Claim. Negligence is the omission of some duty which one party owes to another, thereby causing an injury'."

And in International Products Co. v. Erie R. R. Co., supra, at page 337, it is said:

"Not every casual response, not every idle word, however damaging the result, gives rise to a cause of action. Chancellor Kent might not be held responsible for an error in one of his 'Battery opinions'. As he himself said, they cost nothing and bind no one. Liability in such cases arises only where there is a duty, if one speaks at all, to give the correct information . . . the relationship of the parties, arising out of contract or otherwise, must be such that in morals and good conscience the one has the right to rely upon the other for information, and the other giving the information owes a duty to give it with care."

And in Glanzer et al. v. Shepard et al., supra, it is said: "We think the law imposes a duty toward buyer as well as seller in the situation here disclosed."

When viewed in this light, all of the cases are consistent and logical. Each might well be cited as authority for the others. Not one of them is near the border line. In each case cited by plaintiff the duty is obvious, and upon defendant's negligent performance of that duty liability results. In each case cited by defendant it is obvious that no duty exists, and consequently there is

no liability. Unfortunately, in none of these cases are the facts even reasonably close to those in the instant case, and consequently all we can get from the authorities is the general rule to be applied to our particular facts.

The sole question, then, is whether defendant owed any duty to plaintiffs. We can see none. Defendant was not engaged in the business of furnishing copies of wills, nor was it paid by plaintiffs for this copy of the will, nor did it furnish the copy of the will in order to influence the conduct of plaintiffs. It merely, by way of courtesy, did what it was under no obligation to do. If liability is to be incurred by such conduct all of us must be extremely careful not to let our politeness overcome our caution.

Plaintiffs rely strongly upon section 628 of the A. L. I. Restatement of Torts, as it appears in tentative draft no. 13. It is debatable whether the language of this section, considered by itself, would apply to this case, but all doubt is eliminated by the comment thereunder, where it says:

"The rule stated in this Section, subjects to liability only such persons as make it a part of their business or profession to supply information for the guidance of others in their business transactions . . . one whose business or profession includes the giving of such information does not render himself liable under the rule stated in this Section if he does not give the information in his business or professional capacity but gives it gratuitously or casually".

Conversely, one engaged in the business of giving information in one kind of matters is not liable for information given in regard to another matter. So, a lawyer may incur liability if, in the transaction of his business, he gives wrong information concerning a legal matter, but he would not be liable if he gives what is known as a "curbstone" opinion, nor would he be liable if he undertakes to advise someone as to the proper treatment for typhoid fever.

In the instant case, any information given by defendant to its clients in regard to banking or investments might be said to be in the course of its business and might impose liability upon it, but defendant is certainly not engaged in the business of furnishing copies of wills to the public, and when it does so out of courtesy it acts gratuitously and not in its business or professional capacity.

Section 628 of the A. L. I. Restatement of Torts, therefore, is not helpful to plaintiffs. It is entirely consistent with the law as we have stated it. Section 628 gives one instance under which a duty exists, but that instance is not the one before us.

And now, to wit, August 9, 1937, defendant's affidavit of defense raising questions of law is sustained and judgment is entered for defendant.