Renn et al., Appellants, *v.* Provident Trust
Company of Philadelphia.

Argued December 8, 1937.   Before SCHAFFER, MAXEY,
DREW, LINN, STERN and BARNES, JJ.

*Percival H. Granger,* with him *Joseph W. O'Connor,*
for appellants.

*J. B. Colahan,* with him *Townsend, Elliott & Munson,*
for appellee.

OPINION BY MR. JUSTICE DREW, January 3, 1938:

This is an action of trespass founded upon negligence; it is alleged that defendant, Provident Trust Company, upon request for a copy of the will of a specified person, furnished plaintiffs with a certified copy of a will of a different person having the same name, upon which will plaintiffs relied to their detriment. The appeal is by plaintiffs from the judgment entered for defendant upon the sustaining of its affidavit of defense raising questions of law.

In view of the procedure that brought the case to issue we take the facts as alleged in the statement of claim. Plaintiffs are the liquidating trustees of the Tenth and Chestnut Street Building and Loan Association which had held the second mortgage on property of William Poulterer and wife. Defendant and another held the first mortgage as trustees. After continued default on its mortgage, the Association, through its solicitor, telephoned defendant to inquire whether the first mortgage was also in default and to verify the mortgagor's claim of an interest in the estate of his grandfather, William S. Taylor, of which defendant was also trustee. The first mortgage was reported in default and the mortgagor's claim of an interest in his grandfather's estate was confirmed. Defendant's officer agreed to send the Association a copy of the will which conferred the interest. A copy of the will of a William S. Taylor was sent, but as the result of an honest mistake, it was not the will of William S. Taylor, the mortgagor's grandfather, but that of another man of identical name. The Association, unaware of the error, relied on the contents of the will received and believed that the mortgagor had only a spendthrift interest in his grandfather's estate. Consequently, thinking the mortgagor had no attachable assets, it did not enter judgment on its bond until after the first mortgage had been foreclosed, judgment entered on that bond, and attachment issued against the interest of the mortgagor in his grandfa-

ther's estate, which had in fact no spendthrift restrictions whatever. Claiming that, had it known the true facts, the Association would have reached this asset first and so realized something from the inadequately secured debt, plaintiffs seek to recover the loss in this action.

We agree with the court below that these allegations are insufficient to impose a liability on defendant. Recovery for incorrect information negligently furnished has been carefully restricted, where, indeed, it is allowed at all (cf. *Derry v. Peek*, L. R. 14 A. C. 337). "Not every casual response, not every idle word, however damaging the result, gives rise to a cause of action. . . . Liability in such cases arises only where there is a duty, if one speaks at all, to give the correct information": *International Product Co. v. Erie R. R. Co.*, 244 N. Y. 331, 337. Accordingly we have held that when it is one's business and function to supply information he is liable, if, knowing that action will be influenced, he supplies it negligently: *Houseman v. Girard Mutual B. & L. Assn.*, 81 Pa. 256; *McCaraher v. Commonwealth*, 5 W. & S. 21; cf. *Bailey & Co. v. Western Union Tel. Co.*, 227 Pa. 522; see Tentative Draft No. 13, Restatement of Torts, section 628. If, on the other hand, the nature and extent of the transactions that will be regulated by the information is not known, no such liability exists: *Landell v. Lybrand*, 264 Pa. 406; *Tredway v. Ingram*, 102 Pa. Superior Ct. 459.

Plaintiffs' statement of claim is deficient in two particulars. It does not allege that defendant knew the object of the request for the copy, or that it was part of its business to furnish it. It was not in the line of defendant's business to supply copies of wills to anyone. Trust companies are not the official repositories of such documents, not even of those under which they may act. They, as everyone else, must procure their copies from the register of wills on payment of the regular fee. They do not usually make it a practice to prepare copies for others either for a fee or without charge, and it is not

alleged that the practice of this defendant was otherwise. It was exceptional and a pure courtesy that it was done in this instance. Plaintiffs have not made out a case for recovery under the established principles we have discussed; to hold the defendant liable on account of a mistake made by one of its subordinate officers performing only an act of courtesy, would be unfair and without legal justification.

Judgment affirmed.