## Devos v. Commercial Credit Company, Inc.

*Walter A. Herley*, for plaintiff.

*Philip J. Reilly*, for defendant.

HARVEY, J., October 2, 1939.—The question of law here raised by the affidavit of defense is essentially whether, without averments of fraud or deceit or of breach of contractual obligation, a good cause of action may be based upon averment of negligence in the giving of information containing misrepresentation of fact.

Accepting, as we must, all averments of fact of the statement of claim and all fair and reasonable inferences deducible therefrom, the circumstances giving rise to the question may be stated as follows:

Plaintiff was an automobile dealer in the City of Coatesville, Chester County, Pa. Defendant was engaged, with its principal office in the City of Philadelphia, in the business of financing purchases of automobiles by means of bailment leases with options to pur-

chase. Plaintiff was about to contract with one Griscom for the sale to him of an automobile, the consideration for which was to be, in part, the transfer of title of a 1937 Lincoln Zephyr sedan automobile at its "trade-in" value to plaintiff, less the amount due and payable to procure the title thereof under the terms of such a bailment lease whereof defendant was the assignee-holder and the said Griscom was the lessee. Plaintiff communicated to defendant the nature and terms of the contemplated contract insofar as it related to the Lincoln Zephyr automobile and his intention and purpose to so contract with Griscom; and requested to be informed by defendant of the amount due and payable under the terms of said bailment lease, necessary to be paid to procure the title to said Lincoln Zephyr automobile. Defendant having been informed by plaintiff of all the circumstances recited, and knowing that the amount so due and payable would be paid or caused to be paid to it by plaintiff upon consummation of such a contract between plaintiff and Griscom, and knowing that plaintiff and Griscom would rely and act upon its answer, undertook to comply with plaintiff's request and, without fraud or intention to deceive but falsely and erroneously, informed plaintiff that the amount so due and payable was $117. In fact, the amount so due and payable was $195.67. The misrepresentation of fact made by defendant was caused by its negligence in referring to the amount so due and payable upon a bailment lease other than the one of which the Lincoln Zephyr automobile was the subject. Plaintiff relied upon such information and, in consummation of a sale of an automobile to Griscom, agreed to take in trade, as part of the purchase price, the Lincoln Zephyr automobile at its value to plaintiff less the amount of $117. Subsequent to the said sale, defendant notified plaintiff that the amount so due and payable under the terms of the lease of the Lincoln Zephyr automobile was not $117, but was $195.67. In order to procure the title to that automobile plaintiff was compelled, on July 5,

1938, to pay to the defendant the larger sum of money. Griscom refused to pay plaintiff the additional sum of $78.67, and to recover that amount with interest from the date of payment to defendant plaintiff brought this action.

As we understand defendant's contention, it is that there is here shown no actionable negligence for which defendant is liable because there was no legal duty, arising out of any contractual relation or otherwise, owed by defendant to plaintiff to furnish any information.

We think liability turns not upon the question whether defendant owed to plaintiff the duty to furnish any information or the information requested, but rather whether, in the circumstances, the defendant, having undertaken to furnish the requested information to plaintiff, owed the latter a duty to give the information with ordinary and reasonable care as to its accuracy, and without negligent misrepresentation of material fact. We are of opinion that there was such a duty, for the negligent breach of which defendant is liable to plaintiff for the latter's loss which was a natural and probable consequence and which might reasonably have been foreseen by defendant as likely to happen.

In the case of International Products Co. v. Erie R. R. Co., 244 N. Y. 331, 155 N. E. 662, the New York Court of Appeals held that plaintiff showed a cause of action based on negligence where a false and negligent answer was given by defendant about to become a bailee of goods, to an inquiry by the owner as to where they would be stored, when defendant knew that the inquiry was for the purpose of obtaining insurance, and that the insurance would be worthless if the answer was relied upon and was incorrect, and there was a loss due to the destruction of the goods after they came into the informant's possession and the worthlessness of the insurance because of reliance upon the answer. In this case, defendant denied liability on any theory, either of tort or contract, as

defendant does in the case before us. Eliminating any theory of fraud or deceit, the court allowed recovery on the basis of negligent misrepresentation.

The opinion states the doctrine (p. 338) :

"Liability in such cases arises only where there is a duty, if one speaks at all, to give the correct information. And that involves many considerations. There must be knowledge or its equivalent that the information is desired for a serious purpose; that he to whom it is given intends to rely and act upon it; that if false or erroneous he will because of it be injured in person or property. Finally the relationship of the parties, arising out of contract or otherwise, must be such that in morals and good conscience the one has the right to rely upon the other for information, and the other giving the information owes a duty to give it with care. (*Jaillet v. Cashman*, 235 N. Y. 511.) An inquiry made of a stranger is one thing; of a person with whom the inquirer has entered or is about to enter into a contract concerning the goods which are or are to be its subject is another. Even here the inquiry must be made as the basis of independent action. We do not touch the doctrine of *caveat emptor*. But in a proper case we hold that words negligently spoken may justify the recovery of the proximate damages caused by faith in their accuracy.

"When such a relationship as we have referred to exists may not be precisely defined. All that may be stated is the general rule. In view of the complexity of modern business each case must be decided on the peculiar facts presented. The same thing is true, however, in the usual action for personal injuries. There whether negligence exists depends upon the relations of the parties, the thing done or neglected, its natural consequences, and many other considerations. No hard and fast line may be drawn.

"Here, as we view the facts, the duty to speak with care if it spoke at all, rested on the defendant."

We have quoted this opinion at some length because we deem it eminent authority for the proposition that, without fraud or deceit or duty resting on contractual relation, a duty may exist, in some circumstances, that one if he speaks at all shall exercise ordinary and reasonable care that he speaks with accuracy in representation of fact and that the negligent failure to comply with that duty is actionable.

Defendant here had knowledge that the information was sought for a purpose which concerned the contract of its lessee, Griscom, and his interest therein by reason of his negotiations with plaintiff, as well as the interest of plaintiff because of those negotiations. It knew that plaintiff and Griscom intended to rely and act upon the information in fixing the value to be allowed Griscom for the transfer of title to the automobile subject to the lease between defendant and Griscom; and that loss would likely result to plaintiff in the event the information given was erroneous in stating an amount less than was in fact due and payable by Griscom to defendant under the terms of that lease. Defendant was the logical and indeed the sole one upon whom plaintiff would naturally be expected to rely for such information, because defendant could reasonably be assumed to have accurate records relating to the matter and all reason to give accurate information to plaintiff who, it knew, was about to pay, or cause to be paid to it, the amount due and payable. The inquiry was one of a character made and answered in the usual course of defendant's business and was such that, in its giving to one interested as an expected assignee of the rights of Griscom under the terms of the lease, defendant performed a function contemplated by its contractual relation with Griscom. In applying a rule of liability, in these circumstances we find no conflict with the decisions of our appellate courts. On the contrary, we believe we certainly find authority for the general rule.

In Renn et al. v. Provident Trust Co. of Phila., 328 Pa. 481, where recovery was denied because there was no averment that defendant knew the object of the request, or that it was part of its business to furnish such information, at page 483 of the opinion, International Products Co. v. Erie R. R. Co., supra, is quoted with approval:

" 'Liability in such cases arises only where there is a duty, if one speaks at all, to give the correct information'."

In recognition of the doctrine that there may be liability for negligent misrepresentation of fact in giving information, the opinion in Renn et al. v. Provident Trust Co. of Phila., supra, continues (p. 483) :

"Accordingly we have held that when it is one's business and function to supply information he is liable, if, knowing that action will be influenced, he supplies it negligently: *Houseman v. Girard Mutual B. & L. Assn.*, 81 Pa. 256; *McCaraher v. Commonwealth*, 5 W. & S. 21; cf. *Bailey & Co. v. Western Union Tel. Co.*, 227 Pa. 522; see Tentative Draft No. 13, Restatement of Torts, section 628. If, on the other hand, the nature and extent of the transactions that will be regulated by the information is not known, no such liability exists: *Landell v. Lybrand*, 264 Pa. 406; *Tredway v. Ingram*, 102 Pa. Superior Ct. 459."

These cases are, we believe, authority for the rule we here apply, although we do not hold them authority for the application of that rule in the circumstances here.

We conclude, as we have indicated, that defendant, in these circumstances, having undertaken to furnish to plaintiff the information requested, owed a duty to plaintiff to exercise ordinary and reasonable care to give it with accuracy; and defendant having negligently failed to perform that duty, is liable for the loss to plaintiff which is the natural and probable consequence of its honest but negligent misrepresentation of fact.

We add that, although defendant's undertaking to give the information be deemed gratuitous, that circumstance

does not alter the case: Rehder v. Miller, 35 Pa. Superior Ct. 344, 347.

. For these reasons we hold that the statement of claim sets out a good cause of action and the affidavit of defense may not prevail.

And now, October 2, 1939, the question of law raised by the affidavit of defense is decided against defendant and it may file a supplemental affidavit of defense to the averments of fact of the statement of claim within 15 days from the date hereof, pursuant to section 20 of the Practice Act of May 14, 1915, P. L. 483.