## Bauman v. Western Union Telegraph Co.

*James P. Rossiter*, for plaintiff.
*Brooks, Curtze & Silin*, for defendant.

EVANS, J., July 9, 1942.—Plaintiff in this case brought suit against defendant to recover the sum of $725 claimed to have been lost by plaintiffs because of defendant's negligence in failing to deliver to plaintiff a message from a Federal agency offering employment to defendant at an annual salary of $2,900, and requesting acceptance at once. Because of his failure to receive the telegram, plaintiff lost employment and the remuneration therefor until May 16, 1941, and the amount claimed is for wages lost.

Defendant filed an answer denying negligence and set forth under "new matter" that the message was an interstate message, and as such was interstate commerce, controlled by the rules and regulations of the Interstate Commerce Commission. Also, it is shown that the message was sent on defendant's standard form contract approved by the Interstate Commerce Commission, one clause of which reads as follows:

"The company will not be liable for damages or statutory penalties in any case where the claim is not presented in writing to the company within sixty days after the message is filed with the company for transmission . . ."

The contract also contains the following limitation of liability:

"The company shall not be liable for mistakes or delays in the transmission or delivery, or for non-delivery, of any message received for transmission at the unrepeated-message rate beyond the sum of five hundred dollars . . ."

The message in question comes within this classification, but in view of our conclusions as to the rights of the parties it will be unnecessary for us to consider the effectiveness of this limitation as to the amount of liability.

Plaintiff filed an answer to the new matter, admitting same, but contending that inasmuch as this is a suit by the sendee for negligence the contractual relationship between defendant and the sender is immaterial and irrelevant. Defendant now asks judgment for want of a sufficient reply to defendant's new matter, and the question before us to decide is whether the effectiveness of that clause in the contract requiring written claim for damages within 60 days is binding upon the sendee plaintiff.

Defendant cites many cases to the effect that the 60-day limitation is operative and a part of the contract, and as to those which plaintiff contends are to be distinguished because of the fact that they are suits by the sender we will make no reference. However, in the case of Gardner v. Western Union Telegraph Co., 231 Fed. 405, plaintiff was the sendee and the facts involved were nearly identical with those in the case at bar. In that case the court reasoned as follows (p. 408) :

"Let us analyze plaintiff's case. He says that the Company was negligent in failing to deliver the message promptly. Negligence arises from a violation of duty owing by one person to another. If there is no duty there is no negligence. Without the contract between Scoville and the Company, the latter owed plaintiff no duty, and hence there could be no negli-

gence in the absence of the contract. So it plainly appears that plaintiff would have no cause of action except for the contract because the duty of the Company arose from the contract. May the plaintiff charge the Company with the duty arising from the contract, and at the same time repudiate one of the conditions upon which the duty was assumed? We think not."

Again, in the same case, we find the following (p. 409):

". . . that the Interstate Commerce Commission shall determine what is a just and reasonable regulation or practice; that the rules and regulations established by telegraph companies or other common carriers are deemed reasonable and just until changed by the Interstate Commerce Commission. It results necessarily from the foregoing conclusions that Congress has not only taken possession of the field of interstate commerce by telegraph, but has also specifically prescribed the rules which shall govern the transaction of such commerce."

The facts in this case present a situation which would ordinarily permit recovery under the laws of this State: Bailey & Company v. Western Union Telegraph Co., 227 Pa. 522; Renn et al. v. Provident Trust Company of Philadelphia, 328 Pa. 481. The above-cited Bailey case presents facts nearly identical with those in the case at bar but it was decided on March 26, 1910, and the act of Congress bringing interstate transmission of messages by telegraph within the scope of the Interstate Commerce Act was passed June 18, 1910, 36 Stat. at L. 539. Again we quote from the Gardner case as follows (p. 411):

"Congress has taken possession of the field of interstate commerce by telegraph and it results that the power of the states to legislate with reference thereto has been suspended."

It may be well to note that with the ever-increasing field of operation in our public affairs by the Federal

Government we may expect an increasing proportion of matter over which our State Constitution and laws will become inoperative.

Ordinarily we would permit plaintiff additional time within which to file additional answers to the new matter pleaded, but in this case, plaintiff having admitted the existence of those portions of defendant's contract which we consider binding upon plaintiff and barring his right of recovery under the admitted facts, such extension of time would be of no avail.

And now, to wit, July 9, 1942, the rule granted on the motion for judgment for want of a sufficient reply to new matter is made absolute and judgment is entered for defendant.