Howard Albin, Plaintiff-Appellant, v. Illinois Crop Improvement Association, Inc., an Illinois Corporation et al., Defendants-Appellees.

Gen. No. 10,335.

Third District.

May 16, 1961.

Appleman, Zimmerly & McKnelly, of Champaign, and James N. Sherrick, of Villa Grove, for appellant.

Webber, Balbach & Thies, of Urbana, for appellees.

ROETH, JUSTICE.

This is an appeal from an order of the Champaign County Court dismissing the complaint of the plaintiff, Howard Albin, against defendant, Illinois Crop Improvement Association, Inc., an Illinois corporation.

Action had also been taken as against the retail seller but the only question before us on appeal is whether the County Court properly dismissed the complaint as against defendant, Illinois Crop Improvement Association, Inc. The plaintiff was a farmer who bought oat seed from a retail seller. The bags of oat seed had attached to them at the time of the sale, blue tags issued by the defendant.

On the basis of the record before us it appears that defendant tests the quality of a variety of seeds, such as oats, and permits tags to be attached to the bags containing the seeds, if its standards are met. The tag certifies the quality and purity of the seed. The defendant corporation is organized under Illinois General Not-For-Profit Corporation Act. A fee is apparently charged to members for performing the service of inspecting seed samples for growers who are members of the Association, and tags are furnished after such inspection, showing that the sample of seed tested met the requirements of defendant association. There was no allegation in the complaint that defendant attached tags to the bags of seed, or that it had control over which bags the tags would be placed on. At the time of the certification of the seed there was no official certifying agency in existence, but by the provisions of an Act of 1953 (1959 Illinois Revised Statutes, Chapter 5, Section 34), labeling of agricultural seed offered for sale was regulated so that it was unlawful to sell or offer for sale, agricultural seed without complying with labeling and other provisions. The particular tag in question was dated November, 1954. The tag recited, "Certified Seed", and contained the words, "Save this tag", and then contained a description of the seed as to quality, variety and freedom from weeds. The word "certified" also appeared on the tag, as well as requirements for certification.

The complaint alleged that plaintiff purchased the seed solely on the representations of each of defendants (including the defendant Crop Association), that the seed oats were in fact of the quality and variety, and free from weed seeds and other crop seed, as specified on the tag. There was then an allegation that the seed oats were in fact adulterated, and that the seed so purchased was not as warranted. It is contended that plaintiff suffered damage when he harvested a crop smaller in quantity, lower in quality, and bringing a lower market price than would have resulted if the seed had been as warranted. As we have indicated, the motion to dismiss was sustained in the County Court.

- On appeal in this court, plaintiff contends that defendant Association, as a certifying agency, owed a duty to those who buy in reliance upon its tags, to stand behind the certification if damage results to a farmer from such reliance. In this case plaintiff contends that the privity rule should not be applied in a seed case in this state.

It is apparent from the record that the complaint is based upon misrepresentation arising from a so-called "warranty", and that the action is in the nature of a tort action based upon the implied warranty.

■ Actions on an express warranty which are in the nature of "ex contractu" actions cannot be maintained, generally, unless there is privity of contract between the warrantor and the person seeking recovery. Paul Harris Furniture Co. v. Morse, 10 Ill. 2d 28, 139 N.E. 2d 275; National Iron & Steel Co. v. Robert W. Hunt, 312 Ill. 245, 143 N.E. 833. In the latter case the court referred to the case of Gordon v. Livingston, 12 Mo. App. 267, where the defendant Livingston, an expert grain inspector, certified to a mill that wheat was of a certain type, when in fact it

285

was of an inferior grade. The mill sold the wheat to the plaintiff in that case and he paid for the wheat without examining it, but relying on the inspection. The Missouri court determined that the plaintiff in that case could not recover from the certifying inspector for the reason that the defendant owed no legal duty to the claimant. In the instant case, similarly, there is no express warranty and no direct contractual relationship between the plaintiff and the defendant Crop Association.

The basic issue which arises is whether an action for breach of implied warranty could be maintained in absence of privity between the parties to the action. In Day v. Barber-Colman Co., 10 Ill. App. 2d 494, 135 N.E. 2d 231, the Illinois court determined that a defendant manufacturer was not liable to an employee of an independent contractor who was engaged to install a door built by the manufacturer and was injured while installing the door, and stated that the manufacturer owed no duty to the employee. The court pointed out that the manufacturer, under Illinois law, was not responsible in damages to a person with whom it has no contractual relationship, and is not in privity, because of alleged manufacture of a product, unless the product is inherently dangerous or its nature is such that it may become inherently dangerous if manufactured negligently. The court then refers to exceptions to the rule which arise from fraudulent or deceitful statements or misrepresentations. Another group of exceptions arises from implied warranty of fitness for human consumption of foods, where it is determined that privity between the parties is not necessary for breach of implied warranty. Patargias v. Coca-Cola Bottling Co., 332 Ill. App. 117, 74 N.E. 2d 162. We find no precedent, however, for the maintenance of an action as against the Crop Association in absence of privity as between plaintiff and the Crop

Association, under the facts in the instant case. There is, in fact, no allegation of a causal relationship between the negligence of the Crop Association referred to, and plaintiff, since it is not asserted that the Crop Association placed the tags on the bag. Similarly, the complaint does not actually meet the basic pleading requirements of the Civil Practice Act in that it fails to inform defendant Crop Association of the nature of the action, specifically as against defendant, so as to contain the basic elements to constitute the statement of a cause of action. Jorgensen v. Baker, 21 Ill. App. 2d 196, 157 N.E. 2d 773.

We cannot agree with the contentions of plaintiff that the precedents in this state justify a conclusion that any person who makes a representation to another in the type of case before us, could be held liable for breach of implied warranty in the issuance of a tag to a producer, where such producer did affix the tag, and where there is no showing of privity between the issuer of the tag and the claimant, and in fact, no showing of a causal connection between any alleged negligence on the part of the Crop Association and the plaintiff.

We, therefore, conclude that the order of the County Court of Champaign County was proper and should be affirmed.

Affirmed.

CARROLL, P. J. and REYNOLDS, J., concur.