HOPKINS, ALLEN & CO. *vs.* COOPER & GILLILAND.

A representation, that a person may be safely credited, if it does not indicate, with reasonable certainty, the amount for which it will be safe to credit him, is too uncertain to give a right of action.

Deceit, in Chatham Superior Court. Tried before Judge FLEMING, at January Term, 1859.

This was an action on the case by Hopkins, Allen & Co. against Cooper & Gilliland, for falsely and fraudulent-

ly giving to one William H. Turner, of the firm of Preston & Turner, a letter of credit, knowing that he was unworthy of credit, and by reason of which letter, plaintiffs sold to said Turner & Preston a bill of goods amounting to about twelve hundred dollars, whereby they were damaged, &c.

At the trial, counsel for plaintiff, amongst other things, tendered in evidence the letter of credit written by defendants, referred to and set out in the declaration. The following is a copy thereof:

SAVANNAH, March 8th, 1852.

Messrs. ADAMS & HAWTHORN,

*Gents:*—We have been called on by Wm. H. Turner, of the firm of Turner & Preston, of Thomasville, in this State, but formerly of this city, for a letter of recommendation to your city. We can say for Mr. Turner that he owns property in this city, and he has a very good turn for business. He has located himself in Thomasville, and from all we can learn, has very flattering prospects before him, and from our personal kdowledge of him, make no doubt he will be successful in his undertaking. Should you be called on in his behalf, you will please state these facts for us, as he has no acquaintance in your city.

Repectfully,      COOPER & GILLILAND.

Counsel for defendants objected to the admission in evidence of this letter, on the ground that, even if genuine, it was not such a guaranty or letter of credit as would create any liability on the part of defendants for damages sustained by plaintiffs in selling goods to Turner, or to Turner & Preston. After argument, the court sustained the objection, and excluded the letter, and thereupon ordered and directed a verdict. To which ruling and judgment plaintiffs excepted, and assigned the same as error.

NORWOOD, WILSON & LESTER, for plaintiffs in error.

LLOYD & OWENS, *contra.*

*By the Court.*—BENNING, J., delivering the opinion.

Was the court below right in excluding the letter from the jury? We think so.

It is not insisted by the plaintiffs' counsel that this letter could make the writers of it liable for any amount whatever of goods that might be sold to Turner by the persons for whom it was intended. But where are we to draw the line? There is nothing in the letter to tell us; and if we go outside of the letter, we go into the region of mere speculation, where, on the same facts, one judge, one jury, would put the line here, another there. A representation of this sort, in order to give an action against the person making it, ought to carry within itself something to indicate, with reasonable certainty, the amount for which it is intended to say, that the person in whose favor the representation is made, may be credited. How much does the representation mean to say that the man will be good for? The representation ought to have, on its face, something from which an answer to this question may, with reasonable certainty, be drawn.

In Pasley vs. Freeman (3 Term R.) the representation said, that the man would be good for sixteen bags of cochineal. In Slade vs. Little, (20 Ga., 371,) this court acted on this view. There is nothing to the contrary of this view in the *judgment* in Bennet vs. Terrel. There the judgment was an affirmance of the judgment of the court below; and that was a judgment, in effect, that, unless the representation was fraudulent it was not actionable.

We think, then, that the court was right in excluding this letter.

I will repeat for myself, that I have seen nothing to change my opinion of Pasley vs. Freeman. On the contrary, every day more and more convinces me that that case, and all similar cases, are mere evasions of the statute of frauds; and so, doubtless, thought the British parlia-

ment, for they soon provided for such cases a statute similar to the statute of frauds. See Savage vs. Jackson (19 Ga., 305,) for my opinion on the question.

Judgment affirmed.