## GLOVER *vs.* TOWNSEND, CRANE & CO.

1. A proposition to which the Judge expresses his assent during the argument to the jury, and in their hearing, conveys the Judge's opinion to the Jury as effectually as a formal charge could do, and may equally serve as a foundation for the assignment of error.

2. A representation that a person may be safely credited, can not give a right of action, without some indication in the representation, or its circumstances, of the extent to which the credit may go.

Deceit, in Cobb Superior Court. Tried before Judge HAMMOND, at March Term, 1859.

This was an action on the case brought by Townsend, Crane & Co., against John H. Glover, to recover damages for deceitful representations, respecting the solvency of one Samuel Lawrence, whereby they were induced to sell goods to Lawrence, and, on account of his insolvency, they lost their debt.

Samuel Corrie, in behalf of the plaintiffs, testified, that, he was clerk and salesman for Townsend, Arnold & Co., wholesale drygoods merchants, in the city of Charleston, South Carolina; that the plaintiffs are the successors of Townsend, Arnold & Co., in the same business, and that witness continued with plaintiffs as clerk and salesman; that in April, 1851, Samuel Lawrence, then a merchant of Marietta, visited Charleston to buy goods for his business, and applied to the house of the plaintiffs to purchase a bill of dry goods; that plaintiffs doubting the solvency of Lawrence, were not willing to sell him the goods on credit until the defendant, John H. Glover, who was in Charleston at the time, affirmed to the witness, then clerk and agent of plaintiffs, that "Lawrence was good for his purchases; that he was all right, and that witness must sell to him on fair terms, do a good part by, and treat him right." That, upon the faith of this and similar representations and affirmations, repeated several times on different occasions by Glover, witness sold goods to Lawrence on a credit, amounting in value to the sum of $1,261 91, for which the note of Lawrence was taken, due at six months. That Glover was particular to inform witness as to the solvency of Lawrence, and urged him to sell the goods to Lawrence, which witness did entirely and altogether

Glover *vs.* Townsend, Crane & Co.

upon the faith of and his confidence in the representations of Glover, that Lawrence was solvent and good for his purchases, and all right, and that the goods would not have been sold and delivered, but for the representations. As clerk of Townsend, Arnold & Co., witness had sold Lawrence a small bill of goods on a credit, amounting to some two hundred and eighty dollars, taking his note therefor, due at six months, which was paid in April, 1851. Plaintiffs also proved that Lawrence was sued on the note first aforesaid in the United States District Court, and confessed a judgment which is still unpaid ; that Lawrence removed from South Carolina to Marietta, Georgia, in the fall of 1848. At that time he was largely insolvent, having no property, except an old decrepit negro woman, only retained on account of her past services as a family servant, and who has since died ; that when he came to Marietta he bought a stock of goods from John H. Glover, and agreed to pay him therefor, the sum of ten thousand dollars, and gave him a lien in the nature of a mortgage on the goods, books of accounts, etc., to secure the payment of the purchase price ; that Lawrence continued in the mercantile business during the years 1848, 1849, 1850, and until the fall of 1851. That whilst engaged in said business, he purchased two lots in Marietta, on which he built houses worth seven or eight thousand dollars, which were paid for out of the proceeds of his mercantile business. That Lawrence never had any property in Georgia, except said stock in merchandize and the negro woman aforesaid of no value ; and, at the time this case was tried, he had no property that his creditors could touch. There was some conflict between Corrie, witness for plaintiff, and Lawrence, witness for defendant, as to whether Lawrence bought the goods in person, or through an agent by the name of Moyer. There was also, some proof as to the disparity in size and appearance of Lawrence and Moyer. It was also proven that in the fall of 1851, Lawrence closed up his mercantile business in Marietta, and that Glover got all he had, including houses and lots, remnants of goods, notes, books of accounts, etc., and that he was still short with Glover some $3,000 00.

The jury returned a verdict in favor of the plaintiffs for $1,919 17.

Counsel for Glover then moved for a new trial on the grounds:

1. Because the Judge, who tried the case, erred in this, to-wit: When the concluding counsel for the plaintiffs opened his argument by stating to the Court and jury, that "if Glover represented Lawrence as good for his debts, and solvent, then the plaintiffs are entitled to recover, if it is proven that Lawrence was insolvent, and that Glover knew it at the time of the sale, and plaintiffs acted upon the faith of the representations." His Honor replied, in the presence and hearing of the jury, in a decisive manner, that "plaintiffs' counsel need not discuss that question, that the Court recognized that to be the law."

2. Because the finding of the jury was contrary to law and contrary to the evidence.

The Court overruled the motion and refused the new trial, and this decision is alleged to be erroneous.

IRWIN and HANSELL, for plaintiff in error.

LESTER, for defendant in error.

*By the Court.*—STEPHENS, J., delivering the opinion.

1. There was some controversy in this case, as to whether or not a proposition, to which the Judge expressed his assent during the argument to the jury, and in their hearing, ought to be regarded as a charge on which error may be assigned. We think it ought to be so regarded, for the remark put the jury in possession of the Judge's opinion as effectually as a formal charge could have done.

2. The substance of the remark, or charge, was that there was nothing wanting to complete Glover's liability if he had made the false representation, knowing it to be false, and the credit had been given to Lawrence on the faith of it. This omits another element necessary to the right of action, and that is some indication, either in the representation, or in the surrounding circumstances, of the *extent* to which the credit may safely go. If the representation, as illustrated by the circumstances, does not point with reasonable certainty to the amount of the expected credit, it ought not to serve as a foundation for any credit at all. A reasonable man would

not act on it.   The person who knowingly makes a false representation is responsible for the legitimate appropriate consequences of his falsehood, but not for the consequences which another's folly or imprudence may tack to it.   This same principle was distinctly held by this Court in the case of *Hopkins, Allen & Co. vs. Cooper and Gilliland*, 28 *Ga. Rep.*, 392.

Judgment reversed.