## Landell, Appellant, *v.* Lybrand et al.

*Negligence—Certified public accountants—Absence of contract relation.*

Trespass for negligence will not lie against a firm of certified public accountants by a person who has no contractual relation with

them, for a loss caused by such person's reliance upon a report of the defendants alleged to have been false and untrue, in purchasing the stock of a corporation, upon which they reported, where it appears that the report was shown to him by some one who suggested that he purchase the stock, and there is nothing to show that the accountants made the report with intent to deceive him.

Argued March 24, 1919.  Appeal, No. 50, Jan. T., 1919, by plaintiff, from order of C. P. No. 5, Philadelphia Co., Sept. T., 1916, No. 1719, discharging rule for judgment for want of a sufficient affidavit of defense and entering judgment for defendant on the whole record in case of Edwin A. Landell, Jr., v. William M. Lybrand, T. Edwards Ross, Adam A. Ross, Robert H. Montgomery and Joseph M. Pugh, Copartners, trading as Lybrand, Ross Brothers & Montgomery.  Before Brown, C. J., Moschzisker, Frazer, Walling and Kephart, JJ.  Affirmed.

Trespass for loss alleged to have been caused by defendant's negligence.

Rule for judgment for want of a sufficient affidavit of defense and motion for judgment for defendants on the record.

The court discharged the rule and entered judgment for defendant.  Plaintiff appealed.

*Error assigned* was in entering judgment for defendants.

*William T. Cooper,* with him *John W. Jennings,* for appellant.

*Ira Jewell Williams,* of *Brown & Williams,* with him *Yale L. Schekter,* for appellees.

Per Curiam, April 21, 1919:

Appellees, defendants below, are certified public accountants, and, as such, audited the books and accounts of the Employer's Indemnity Company for the year 1911. The appellant, plaintiff below, averred in his statement

of claim that he had been induced to buy eleven shares of the capital stock of that company, at the price of $200 per share, on the strength of the report made by the appellees as to its assets and liabilities at the close of the year 1911, the report having been shown to him by some one who suggested that he purchase the stock. A further averment was that the report was false and untrue, that the stock purchased by him on the strength of it is valueless, and for the loss he sustained he averred the defendants were liable. To enforce this liability an action in trespass was brought against them. In their affidavit of defense they averred that the statement of claim disclosed no cause of action, and asked that this be disposed of by the court below as a matter of law, under the provisions of Section 20 of the Practice Act of May 14, 1915, P. L. 483. It was so disposed of by the court below in entering judgment for the defendants.

There were no contractual relations between the plaintiff and defendants, and, if there is any liability from them to him, it must arise out of some breach of duty, for there is no averment that they made the report with intent to deceive him. The averment in the statement of claim is that the defendants were careless and negligent in making their report; but the plaintiff was a stranger to them and to it, and, as no duty rested upon them to him, they cannot be guilty of any negligence of which he can complain: Schiffer v. Sauer Company et al., 238 Pa. 550. This was the correct view of the court below, and the judgment is accordingly affirmed.