## 47873. MACNERLAND et al. v. BARNES et al.

Argued March 5, 1973 — Decided June 15, 1973 —
Rehearing denied July 13, 1973 —

*Skinner, Wilson, Beals & Strickland, John V. Skinner, Paul J. Wagner, Jr.,* for appellants.

*Long, Weinberg, Ansley & Wheeler, Ben L. Weinberg, Jr., J. Kenneth Moorman,* for appellees.

QUILLIAN, Judge. ■ The appellants have brought a motion to retax a portion of the cost of the record on appeal to the appellee. In *Smith v. Top Dollar Stores,* 129 Ga. App. 60, we held that a motion of this nature is properly brought in the trial court. See Code Ann. § 6-805 (f) (Ga. L. 1965, pp. 18, 24).

■ As stated in the brief of the plaintiffs, the basic question presented by the instant appeal is whether an accountant, as a matter of law, is liable for negligence in the preparation and issuance of an uncertified financial statement to parties not in privity but whose reliance is known to or foreseen by the accountant.

The plaintiff purchased stock in the company allegedly in reliance on a financial statement prepared by the defendant who was the accountant for the company. The statement which the accountant prepared was unaudited and contained a "disclaimer

of opinion."

The general rule is that in the absence of intentional misrepresentation or fraud, an accountant is not liable for negligence to a third party who is not in privity with the accountant. See Ultramares Corp. v. Touche, 255 N. Y. 170 (174 NE 441, 74 ALR 1139); Landell v. Lybrand, 264 Pa. 406 (107 A 783, 8 ALR 461).

The defendant, an accounting firm, introduced statements on auditing procedures by the American Institute of Certified Public Accountants, through its Committee on Auditing Procedures. It showed that the form used by the defendant auditing firm was identical with that recommended in the "statement on auditing procedures," for report by a certified public accountant who is not independent. The statement is designed as a red flag that the accountant in question was not independent with respect to the company on which the financial report was prepared and the statements given were not audited by the accountant. As set forth in No. 38 of the Statement on Auditing Procedures "although the certified public accountant may have prepared, or assisted in preparing, unaudited financial statements, the statements are representations of management, and the fairness of their representation is management's responsibility." In the situation in which we are considering the accounting firm acts as a mere conduit through which the information passes and does not assume any responsibility for the correctness of the statements which are management's responsibility.

The disclaimer contained the following language: "Disclaimer of Opinion. We are not independent with respect to Airway's Rent-A-Car of Atlanta, and the accompanying balance sheet as of March 31, 1970 and the related statement of income and accumulated deficit for the three months then ended were not audited by us; accordingly, we do not express an opinion on them. Barnes and Company. April 27, 1970."

The Ultramares case seems to comport with Georgia law. In situations involving the liability of attorneys, the necessity for the attorney-client relationship to be present has been recognized. *Smith v. International Lawyers,* 35 Ga. App. 158; (132 SE 245); *Endicott v. Grogan,* 86 Ga. App. 149, 151 (70 SE2d 879). See *Gould v. Palmer & Read,* 96 Ga. 798 (22 SE 583). It is true of course that the cases refer to the money-rule procedure under Code § 9-617. However, the theme of these holdings is clear in that recovery for negligence requires privity between the parties involved. See

generally Code § 4-203 catchword "attorney."

Ultramares has been under attack by various text writers and periodicals. It has also been criticized in certain cases cited by the appellant. Ryan v. Kanne (Iowa, 1969) 170 N. W. 2d 395; Rusch Factors v. Levin (DC RI, 1968) 284 FSupp. 85; Rhode Island Hospital Trust Nat. Bank v. Swartz, Bresenoff, Yavner & Jacobs (CA 4 Va., 1972) 455 F2d 847; Shatterproof Glass Corp. v. James (Tex. Civ. App., 1971) 466 S. W. 2d 873 (46 ALR3d 968).

We have, nevertheless, found no persuasive authority upholding liability where there was both lack of privity and an uncertified statement or more particularly an express disclaimer. Ultramares stands as the majority rule and we see no reason to depart from its rationale.

Support for this view is found, inter alia, in two fairly recent decisions. The Tenth Circuit (Stephens Industries v. Haskins & Sells, 438 F2d 357), in applying Colorado law has held that a public accountant may be liable for damages to his client resulting from either fraud or negligence but as to third parties, even those who the accountant knew or should have known were relying on his audit, liability can be found and only upon fraudulent conduct, and proof of mere negligence will not suffice. The Florida Court of Appeals has held that even though there was a certified statement made that the accountant was not liable for mere negligence to third parties with whom there was no privity of contract. Investment Corp. of Fla. v. Buchman, 208 S. 2d 291.

Where as here there is a written disclaimer, the accountant would not be liable to third parties for mere negligence in the preparation of a financial statement.

Fraud in this case was neither pleaded nor proved. It is contended by the plaintiffs that there is an inference of fraud from the dealings. Section 9 of the Civil Practice Act (Code Ann. § 81A-109 (b); Ga. L. 1966, pp. 609, 620) requires that the circumstances constituting fraud or mistake shall be stated with particularity. In view of this provision and under circumstances of this case, we do not think the defendant was required to negate a so-called inference of fraud. In this case there was evidence tending to show that the defendant made a "honest blunder" (see Ultramares Corp. v. Touche, 255 N. Y. 170, supra), but this is no ground for recovery on the part of the plaintiffs against the defendant. One of the plaintiffs was a certified public accountant and they were all aware that the defendant was not independent as to the defendant Overbey.

There is here no compelling reason to dispense with privity or to discard the plain purport of a written disclaimer. However, the case is on summary judgment and the burden was upon the movant to establish as a matter of law that there was no basis for the plaintiffs to recover against the defendant. There was evidence tending to show an agreement on the part of the defendant to verify certain major accounts to the plaintiffs. The accounts in question concerned the fleet of automobiles and the accounts payable. This arrangement as described was between the plaintiffs and the defendant, that in supplying the figures in the statement he would check to insure the accuracy of the described accounts. The defendant would have had to show that there was no agreement to verify any accounts or that there was no basis for the plaintiffs to rely on figures furnished with regard to such accounts. Therefore, the case must be reversed for a jury's consideration as to this issue alone.

*Judgment reversed. Bell, C. J., and Deen, J., concur.*