## 50894. HOWARD v. DUN & BRADSTREET, INC.

MARSHALL, Judge.

This is an appeal from an order by the Fulton Superior Court granting appellee's (defendant below) motion for summary judgment and entering judgment in favor of Dun & Bradstreet and against Howard.

The record reflects that one Smith, doing business as United Caribbean Air Services, Inc., advertised the sale of a half interest in his business. Appellant Howard taking notice of the ad, contacted Smith. During the initial meeting between Howard and Smith, Smith told Howard that United Caribbean Air Service, Inc., owned one airplane and was negotiating the purchase of a second. Additionally, the business owned a 1/4 interest in a shrimp processing business in Costa Rica and certain other assets there. The two airplanes were to be used to fly fresh shrimp to Birmingham, Alabama, where the shrimp could be sold at a great profit. On the flights to Central and South America the planes were to be used to transport and sell ladies' undergarments to jobbers and wholesalers in the lower Americas. Smith stated he had had other employees and investors but they were not partners who could help manage the business. Smith was interested in a full-time partner who could manage the business in Atlanta while he, Smith, was in Central and South America managing the business interests there. Smith also exhibited to Howard at this meeting, what appeared to be a standard Dun & Bradstreet rating of the business. In substance, this rating reflected the net worth of the business as $187,204 and the personal net worth of Smith as of March, 1970, at $1,643,620.

Based upon the assertions made by Smith and relying on the evaluations of Dun & Bradstreet, Howard agreed to invest $50,000 as the purchase price of a one-half interest in the partnership. He gave $5,000 to Smith at the first meeting on September 30, 1970. On October 2, 1970, Howard paid an additional $35,000 and executed a $9,000 promissory note. Sometime after October 2, 1970, Howard also requested an evaluation of the business and Smith by appellee, Dun & Bradstreet. In late November, 1970, an agent of Dun & Bradstreet

furnished what appeared to be a standard report to Howard concerning Smith and the business which apparently reflected the same information Howard had seen in Smith's possession on September 30, 1970. It is undisputed that the information furnished by appellee, Dun & Bradstreet, was gratuitous and involved no fee. The service was designed to demonstrate the effectiveness of such service as an incentive to Howard to subscribe as a customer. However, Howard never was, nor did he ever become, a customer entitled to Dun & Bradstreet's services.

Subsequent to appellant's investment of $50,000, he was able to determine that Smith was basically insolvent and that the aircraft allegedly owned by the business were nonexistent. The shrimp processing business, while it had existed at a previous time, had burned some years prior to Smith's representations in September, 1970. It also appears that during the past 10 years, Smith had been the subject of at least 15 lawsuits, one of which sounded in fraud. Appellant obtained a judgment against Smith, which he claims is worthless. He then brought this action against Dun & Bradstreet claiming that he would not have invested his money in a worthless business venture were it not for appellee's report of Smith and United Caribbean Air Service, Inc., and the grossly negligent misrepresentations therein published by appellee Dun & Bradstreet.

After examining the evidence presented by both parties, the trial court granted appellee's motion for summary judgment. This appeal followed. *Held:*

Appellant contends that Dun & Bradstreet, Inc., is a reputable business concern with a generally accepted reputation for excellence of product; that it furnished to Smith and later to Howard a report of Smith's personal net worth as well as the net worth of Smith's business that was factually incorrect and grossly misleading; that a simple check of the plaintiff-defendant index in the courthouse records would have disclosed the unreliability of Smith or any information furnished by Smith to appellee as a predicate for a business evaluation; that appellee's failure to make even the simplest inquiry constitutes gross negligence; and that in due course such

information came into the hands of appellant as an unsuspecting third party, and he thereafter acted in reliance thereon. For these several reasons, he alleges that Dun & Bradstreet became liable for the damages flowing from such reliance. In substance then, appellant alleges that Dun & Bradstreet is an insurer of the information it disseminates to its customers, and, because it is a service rendered to any customer in the public sector, Dun & Bradstreet must be aware that unwary third parties may also come into possession of such information and act on the basis thereof.

Appellant's contention is flawed in several respects. While Dun & Bradstreet is not an accounting firm, we believe it has sufficient similarity with an accounting firm that the law applicable to such a firm would be applicable to a business such as Dun & Bradstreet. Accepting this as a valid premise, we find the majority rule announced by other jurisdictions as well as this state to be that in the absence of intentional misrepresentation or fraud, an accountant is not liable for his negligence to a third party who is not in privity with the accountant. *MacNerland v. Barnes,* 129 Ga. App. 367 (199 SE2d 564). See: Ultramares Corp. v. Touche, 255 N.Y. 170 (174 NE 441, 74 ALR 1139); Landell v. Lybrand, 264 Pa. 406 (107 A 783, 8 ALR 461).

It is undisputed that there was no privity between appellant and appellee.

An accountant may be held liable for damages to his client for fraud, or in the absence of a waiver thereof, for his negligence, but as to third parties, even those who the accountant knew or should have known were relying on his audit, liability can be found only upon fraudulent conduct, and proof of mere negligence will not suffice. Stephens Industries v. Haskins & Sells, 438 F2d 357; *MacNerland v. Barnes,* supra, p. 371; Investment Corp. of Fla. v. Buchman (Fla.), 208 F2d 291.

Fraud in this case was neither pleaded nor proved. Appellant contends however that the gross negligence of appellee's reports gives rise to an inference smacking of fraud. Section 9 (b) of the Civil Practice Act (Code Ann. § 81A-109 (b)) requires that the circumstances constituting fraud or mistake shall be stated with particularity. At

most, appellant's pleadings herein allege a negligent omission. The record supports no scienter as to the information or lack thereof furnished by appellee or its agents. In view of the above-stated Code requirements and the general circumstances of this case, we conclude that the evidence shows no more than an "honest blunder" (See Ultramares Corp. v. Touche, 255 N.Y. 170, supra). This is no ground for recovery against appellee. *Mac-Nerland v. Barnes,* supra. Appellant was the victim of his own imprudence and folly, and he cannot charge that to the appellee with whom he had no privity. *Hopkins &c. Co. v. Cooper & Gilliland,* 28 Ga. 392; *Glover v. Townsend &c. Co.,* 30 Ga. 90.

In view of the foregoing, there was no genuine issue of material fact, and the law applicable to the established facts provided no liability as between appellant and appellee. The trial court, therefore, did not err in granting appellee's motion for summary judgment.

*Judgment affirmed. Bell, C. J., and Webb, J., concur.*

ARGUED JUNE 17, 1975 — DECIDED SEPTEMBER 23, 1975 —
REHEARING DENIED OCTOBER 21, 1975.

*Charles L. Weltner,* for appellant.
*Hansell, Post, Brandon & Dorsey, Hugh M. Dorsey, W. Rhett Tanner, Hugh E. Wright,* for appellee.