**BADISCHE CORPORATION and Akzona Incorporated, Plaintiffs-Appellants,**

v.

**Arnold L. CAYLOR; David Siegel and Arnold L. Caylor & Company, P.C., Defendants-Appellees.**

No. 86–8305.

United States Court of Appeals, Eleventh Circuit.

Dec. 19, 1986.

A.O. Bracey, III, Michael J. King, Atlanta, Ga., for plaintiffs-appellants.

John P. Neal, III, Minor, Bell & Neal, P.C., Dalton, Ga., Harvey R. Spiegel, Lord, Bissell & Brook, Atlanta, Ga., Hugh C. Griffin, Lord, Bissell & Brook, Chicago, Ill., for defendants-appellees.

Before GODBOLD and VANCE, Circuit Judges, and SWYGERT *, Senior Circuit Judge.

PER CURIAM:

CERTIFICATE FROM THE UNITED STATES COURT OF APPEALS FOR THE ELEVENTH CIRCUIT TO THE SUPREME COURT OF GEORGIA PURSUANT TO RULE 36 OF THE SUPREME COURT OF GEORGIA,

TO THE SUPREME COURT OF GEORGIA AND ITS HONORABLE JUSTICES:

The United States Court of Appeals for the Eleventh Circuit believes that this case involves a question of Georgia law which is determinative, but unanswered by clear and controlling precedent of the Supreme Court of Georgia or any other Georgia appellate court. We, therefore, certify the question for resolution by the highest court of Georgia. This case comes to the United States Court of Appeals for the Eleventh Circuit on appeal from the United States District Court for the Northern District of Georgia, Rome division.

---

* Honorable Luther M. Swygert, Senior U.S. Circuit Judge for the Seventh Circuit, sitting by designation.

1. Plaintiffs also sued Arnold L. Caylor in his personal capacity. Defendant Caylor argues to this court that he cannot be liable as a mere shareholder. We agree. See O.C.G.A. § 14–7–3. However, since we lack the district court's guidance concerning plaintiffs' claim that Caylor's own negligence caused their injury and since the Georgia Supreme Court's elucidation of Georgia law may be determinative, we decline to reach defendant Caylor's liability at this time.

The pertinent facts are as follows. Color-Dyne was a partnership formed by two corporations to utilize a "carpet printer" process. Plaintiffs Badische Corporation and Akzona Incorporated provided materials to Color-Dyne on credit. In late 1980, Color-Dyne showed its most recent financial statements to the plaintiffs. These financial statements were prepared for Color-Dyne by defendant David Siegel, a certified public accountant, on behalf of defendant Arnold L. Caylor & Co., a public accounting firm.[1] These statements showed that Color-Dyne owned $2 million in inventory. The audit failed to reveal, however, that various banks had secured interests in this inventory. Plaintiffs have testified that they relied on the certified financial statements prepared by defendants in extending and increasing Color-Dyne's line of credit. Shortly thereafter, Color-Dyne was forced into bankruptcy. The outstanding debts owed to the plaintiffs totaled over $850,000.

Plaintiffs brought this action alleging that they were injured as a result of defendants' negligence in preparing Color-Dyne's financial statements. Plaintiffs have presented evidence that the financial statements were not audited pursuant to generally accepted accounting practices. Despite this evidence of accounting malpractice, the district court granted the defendants' motions for summary judgment. The district court held that, under Georgia law, the duty of care of accountants did not extend to these plaintiffs since the accountants did not have "actual notice" of who would be given the financial statements.[2] The district court stated:

---

2. In his deposition Siegel indicated an awareness that the financial statements would probably be used by creditors.

Q164. Well, based on your experience as an accountant, what did you think that companies normally did with financial statements? A. They would probably issue them to people who requested them: banks in particular. Q165. So based on your experience, you know that it wouldn't be uncommon for creditors of—of a company to request a financial statement so they could review it? A. Some might, but it usually wasn't too many.

[A]n accountant's liability is limited to those persons that he or she expressly knows will be given the information he or she generates, or ... to those persons intended to receive the information.... As plaintiffs have presented no evidence that defendants knew that plaintiffs would rely on the financial statements in this case, plaintiffs have made no showing that defendants owed them a duty of care.

The district court relied primarily on *Robert & Co. v. Rhodes-Haverty Partnership*, 250 Ga. 680, 300 S.E.2d 503 (1983). The district court interpreted restrictive language in *Robert & Co.* as indicating that an accountant's liability is limited to those people of whose reliance, either direct or indirect, the accountant actually knew. The district court pointed out that, traditionally, Georgia law narrowly restricted the scope of an accountant's duty of care. *See Howard v. Dun & Bradstreet*, 136 Ga.App. 221, 220 S.E.2d 702 (1975). The court noted that *Robert & Co.* expressly adopted the Restatement (Second) of Torts § 552 (1977). Illustration 10 of § 552 clearly provides that an accountant has no duty to persons whose reliance was merely foreseeable. The district court concluded that Georgia law required summary judgment in favor of the defendants in this case since they lacked any knowledge as to whom Color-Dyne planned to show the financial statements.

Appellants take issue with this interpretation of Georgia law. They note that *Robert & Co.* was a case that expanded the scope of a professional's liability. In *Robert & Co.* the Georgia Supreme Court opined:

[O]ne who supplies information during the course of his business, profession, employment, or in any transaction in which he has a pecuniary interest has a duty of reasonable care and competence

While recognizing that defendants could reasonably foresee creditors' reliance on the audit, the district court made an implicit distinction between this type of general knowledge and specific knowledge of who would receive the financial statements. There is no evidence that

to parties who rely upon the information in circumstances in which the maker was manifestly aware of the use to which the information was to be put and intended that it be so used. This liability is limited to a *foreseeable person* or limited class of persons for whom the information was intended, either directly or *indirectly*.

*Id.* at 681–82, 300 S.E.2d at 504 (emphasis added). Appellants argue that this broad language encompasses the facts of this case. They also assert that the Restatement can be read to extend liability, *see Spherex, Inc. v. Alexander Grant & Co.*, 122 N.H. 898, 451 A.2d 1308 (N.H.1982), and that Georgia has specifically departed from the strict privity rule of illustration 10 of the Restatement. *See Travelers Indemnity Co. v. Pullen & Co.*, 161 Ga.App. 784, 289 S.E.2d 792 (1982). Appellants further contend that the Georgia law may follow the recent trend in other jurisdictions toward expanding the liability of professionals. *See, e.g., H. Rosenblum Inc. v. Adler*, 93 N.J. 324, 461 A.2d 138 (N.J.1983); *Citizens State Bank v. Timm, Schmidt & Co.*, 113 Wis.2d 376, 335 N.W.2d 361 (Wis.1983). *International Mortgage Co. v. John P. Butler Accountancy Corp.*, 177 Cal. App.3d 806, 223 Cal.Rptr. 218 (Cal.Ct.App. 1986); *Raritan River Steel Co. v. Cherry Bekaert and Holland*, 339 S.E.2d 62 (N.C. App.), *review granted*, 345 S.E.2d 392 (N.C. 1986).

We believe that the issue of Georgia law raised by plaintiffs is appropriate for resolution by the highest court of Georgia. We therefore certify the following question:

Can third parties recover against an accountant under Georgia law for the accountant's negligence in preparing audited financial statements where it was foreseeable that the third parties would rely upon the financial statements?

defendants were ever informed that Color-Dyne intended to give the financial statements to plaintiffs or any other creditors. Absent "actual notice" that the audit would be shown to creditors, the district court held that an accountant had no duty of care to third parties.

**234**

The phrasing used in the certified question is not to restrict the Supreme Court of Georgia's consideration of the issues in its analysis of the record certified in this case. This latitude extends to the Supreme Court's restatement of the issue or issues and the manner in which the answers are given. *See Martinez v. Rodriquez,* 394 F.2d 156, 159 n. 6 (5th Cir.1968).

The clerk of this court is directed to transmit this certificate, as well as the briefs and record filed with the court, to the Supreme Court of Georgia and simultaneously to transmit copies to the attorneys for the parties.

CERTIFIED.