Jay L. BLAUSHILD, Gloria Newman and Famous, II, Inc., Plaintiffs,

v.

GRODIN, CHOTINER & BALMUTH, Defendant.

Civ. A. No. 92–0995.

United States District Court, W.D. Pennsylvania.

Jan. 13, 1994.

Robert P. Morgan, Michael J. Manzo, Klett, Lieber, Rooney & Schorling, Pittsburgh, PA, for Louis Joseph, Jay N. Joseph.

Kenneth M. Argentieri, Kirkpatrick & Lockhart, Pittsburgh, PA, for Kirkpatrick & Lockhart.

## OPINION

ZIEGLER, Chief Judge.

Pending before the court are the motions of defendant, Grodin, Chotiner & Balmuth, for judgment as a matter of law and for summary judgment pursuant to Rules 50 and 56 of the Federal Rules of Civil Procedure.

Summary judgment may be granted

[I]f the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.

Fed.R.Civ.P. 56(c).

We find that there are genuine issues of material fact with respect to the claims for negligence and intentional misrepresentation by the accountants and therefore we will deny defendant's motion for summary judgment.

Although the Pennsylvania courts have long held that a plaintiff may not state a claim for professional negligence for lack of privity with the defendant, *Landell v. Lybrand*, 264 Pa. 406, 107 A. 783 (1919), this rule does not necessarily preclude liability in a case of fraud. *See, e.g., Sharp v. Coopers & Lybrand*, 457 F.Supp. 879, 888 (E.D.Pa. 1978), aff'd, 649 F.2d 175 (3d Cir.1981), *cert. denied*, 455 U.S. 938, 102 S.Ct. 1427, 71 L.Ed.2d 648 (1982); *see also, Wilder, et al. v. Williams, et al.*, 1989 WL 67821 (W.D.Pa. 1989). Although the courts in *Sharp* and *Wilder* were not dealing specifically with a claim for intentional misrepresentation, both courts imposed liability despite a lack of privity for claims of fraud against the defendants.

With respect to the privity requirement for a claim for negligence, we find that the facts in this case are similar to those in *Coleco Industries, Inc. v. Berman*, 567 F.2d

Paul J. Corrado, David B. Fawcett, III, Buchanan Ingersoll, Pittsburgh, PA, for Jay L. Blaushild, Gloria Newman, Famous II, Inc.

Joseph J. Bosick, Pietragallo, Bosick & Gordon, Pittsburgh, PA, for Grodin, Chotiner & Balmuth.

David B. Fawcett, III, Buchanan Ingersoll, Pittsburgh, PA, for Pittsburgh Plumbing & Heating Corp.

Joseph J. Bosick, Pietragallo, Bosick & Gordon, Pittsburgh, PA, for KPMG Peat Marwick.

569 (3d Cir.1977), in which the Court of Appeals let stand a decision by the district court to impose liability against the third-party defendant accountants despite the lack of privity with the claimant because the party bringing the claim would forseeably rely on the financial statements prepared by the accountants in a transaction similar to the transaction in this case. The district court found that a duty arose from the relationship between the parties based on a "bond so close as to approach that of privity". *Coleco Industries, Inc. v. Berman,* 423 F.Supp. 275, 309 (E.D.Pa.1976), *quoting Ultramares Corp. v. Touche,* 255 N.Y. 170, 174 N.E. 441 (1931). Furthermore, Judge Huyett found that the claimant's use of the financial statements "was not one possibility among many, but the 'end and aim of the transaction'." *Id.* at 309. Finally, the claimants in *Coleco* were not members of an "indeterminate class of persons who ... might deal in reliance on the audit." *Id.* The court concluded that the "[claimant's] lack of strict privity does not preclude their claim against [accountant] when [accountant] knew of the purpose of the ... audit and the use to which it was put." *Id.* Because we find that plaintiffs in this case (1) forseeably relied on the financial statements provided by defendant; (2) are not members of an "indeterminate class of persons" who may have dealt in reliance on the audit and (3) their use of the financial statements was not "one possibility among many, but the end and aim of the transaction", there are genuine issues of material fact as to the legal duty owed to plaintiffs and relationship of plaintiffs to the transaction.

It bears emphasizing that we have made no dramatic retreat from the privity rule under Pennsylvania law. The accountants here were retained by the sellers for the specific purpose of the sale of Pittsburgh Plumbing & Heating Supply Corporation to plaintiffs. Defendants were aware of the purpose of the review and they knew that plaintiffs would rely on the financial statements in determining the exchange ratio of stock. The role of Grodin, Chotiner & Balmuth in the transaction results in a relationship with plaintiffs that approaches that of privity and defendant's motion for summary judgment will be denied.

We have given serious consideration to the remaining contentions of defendant and we find them to be without merit. Accordingly we will also deny defendant's supplemental motions for summary judgment and for judgment as a matter of law pursuant to Rule 50 of the Federal Rules of Civil Procedure.

A written order will follow.

### ORDER

AND NOW, this 13th day of January, 1994, after consideration of the submissions of the parties,

IT IS ORDERED that the motion and supplemental motions of defendant, Grodin, Chotiner & Balmuth, for summary judgment and judgment as a matter of law (document numbers 64, 87 and 94), be and hereby are denied.