A94A0613. FIRST NATIONAL BANK OF NEWTON COUNTY
v. SPARKMON et al.
(442 SE2d 804)

Blackburn, Judge.

In 1990 the First National Bank of Newton County (FNB) began making business loans to the M & L Electrical Company (M & L). Before FNB would extend the loans, it required M & L to furnish financial reports prepared by an accounting firm, and M & L retained Richard Sparkmon and Cal Rueping to prepare the required reports.

Pursuant to that engagement, Sparkmon and Rueping completed an accountants' review report for December 31, 1990, and subsequently six accountants' compilation reports from April 30, 1991, through January 31, 1992. All of these reports indicated that they were prepared in accordance with the standards established by the American Institute of Certified Public Accountants (AICPA), and all contained disclaimers of accountants' liability.

Eventually, after M & L defaulted on the repayment of over $400,000, FNB commenced this action against Sparkmon and Rueping to recover that loss. Sparkmon and Rueping moved for judgment on the pleadings with regard to any claim asserting professional negligence, and the trial court granted their motion. This court then granted this interlocutory appeal to consider whether the disclaimers of accountants' liability contained in the financial reports were effective.

The accountants' review report completed on December 31, 1990, first emphasized that "[a] review consists principally of inquiries of Company personnel and analytical procedures applied to financial data. It is substantially less in scope that an audit in accordance with generally accepted auditing standards, the objective of which is the expression of an opinion regarding the financial statements taken as a whole. Accordingly, we do not express an opinion." The report then indicated that based upon their review, the accountants were unaware

of any material modifications that should be made to the company's financial statements.

Each compilation report explained that it was "limited to presenting in the form of financial statements information that is the representation of management. We have not audited or reviewed the accompanying financial statements and, accordingly, do not express an opinion or any other form of assurance on them. Management has elected to omit substantially all of the disclosures ordinarily included in financial statements. If the omitted disclosures were included in the financial statements, they might influence the user's conclusions. Accordingly, these financial statements are not designed for those who are not informed about such matters."

The former rule in Georgia was that absent intentional misrepresentation or fraud, an accountant was not liable for negligence to a third party who was not in privity with the accountant. *MacNerland v. Barnes*, 129 Ga. App. 367 (199 SE2d 564) (1973). However, in *Robert & Co. Assoc. v. Rhodes-Haverty Partnership*, 250 Ga. 680 (300 SE2d 503) (1983), the Supreme Court abandoned the privity requirement and adopted the rule enunciated in the Restatement of Torts 2d, § 552, extending professional liability for negligence to a foreseeable person or limited class of persons for whom the information was intended, either directly or indirectly. The Court further noted that "[t]he additional duty that this rule imposes may be . . . limited *by appropriate disclaimers which would alert those not in privity with the supplier of information that they may rely upon it only at their peril.*" (Emphasis supplied.) Id. at 682. Subsequently, the Supreme Court clarified that professional liability, including that of accountants, extends to those persons who the professional is actually aware will rely upon the information he prepared. *Badische Corp. v. Caylor*, 257 Ga. 131, 133 (356 SE2d 198) (1987).

In the instant case, FNB contends that the disclaimers in question merely limited the scope of the accounting engagement undertaken by Sparkmon and Rueping, and were ineffective to insulate them from liability for any negligent failure to comply with the standards for reviews and compilations established by the AICPA. However, the disclaimer contained in the review warned that the review was substantially less in scope than an audit and that the accountants did not express an opinion on the accuracy of the financial reports. The compilation reports similarly warned that the accountants did not express an opinion or other assurance regarding the financial statements, and emphasized that the client had omitted substantially all of the disclosures ordinarily included in financial statements.

We find these disclaimers effective to preclude any justifiable reliance by a third party upon the review and compilation reports they prefaced. Accordingly, Sparkmon and Rueping may not be found lia-

ble to FNB for mere negligence in the preparation of the financial reports, including any negligent failure to comply with the AICPA standards for reviews and compilations, and the trial court properly granted judgment on the pleadings for them on this professional negligence claim.

*Judgment affirmed. Birdsong, P. J., and Cooper, J., concur.*

DECIDED MARCH 9, 1994 —
RECONSIDERATION DENIED MARCH 25, 1994 — ▇▇▇▇▇▇▇▇▇

*Griffin, Cochrane & Marshall, Jennifer W. Fletcher, Craig A. Courville,* for appellant.

*Drew, Eckl & Farnham, James M. Poe, J. Robb Cruser,* for appellees.