# Red Rose Motors Inc. v. Boyer & Ritter

74

C.P. of Lancaster County, no. CI-1996-1108.

*Robert M. Frankhouser Jr.,* for plaintiffs.
*Douglas E. Herman,* for defendant.

GEORGELIS, *P.J.,* February 23, 2004—Before me is the motion for summary judgment of the defendant, Boyer & Ritter. This action is based on negligence and breach of contract. The plaintiffs, Red Rose Motors Inc. and Robert Wesoloskie, seek damages from Boyer & Ritter for its alleged failure, through its accounting work, to identify a third party's embezzlement of funds from Red Rose Motors Inc. Boyer & Ritter seeks summary judgment on four grounds. It contends that the plaintiffs are barred from recovery on their negligence and breach of contract counts. The motion will be granted.

Wesoloskie was president and sole shareholder of Red Rose, a car dealership located in Lancaster County, Pennsylvania. Boyer & Ritter, a certified public accounting firm, provided tax services and annual calculations for new vehicle and parts LIFO (last in first out) reserve to Red Rose for the years ending 1993 and 1994. Boyer & Ritter also provided audit services to the Central Pennsylvania Buick Dealer's Marketing Group for the years ending 1993 and 1994. The Group jointly marketed the sale of the Buick vehicles to potential consumers in central Pennsylvania. Red Rose was a member of the Group.

Wesoloskie served as the Group's secretary and treasurer. Roy Latshaw, the office manager of Red Rose, served as the Group's bookkeeper. As the Group's auditors, Boyer & Ritter reported to Wesoloskie. It also reported to Wesoloskie when providing accounting services to Red Rose.

In March of 1994, while auditing the Group's 1993 accounts, Boyer & Ritter discovered that a check in the amount of $73,357.55, issued by General Motors Corporation to the Group in November of 1993, had not been deposited into the Group's account. Boyer & Ritter contacted Latshaw and inquired into the whereabouts of the check. Latshaw informed Boyer & Ritter that he mistakenly deposited the Group's funds into Red Rose's account and that he removed the funds from Red Rose's account and deposited them into the Group's account. On March 18, 1994, he provided Boyer & Ritter a copy of the deposit ticket evidencing the deposit of the General Motors check into the Group's account. When Boyer & Ritter completed its audit of the Group, it listed the payment as "deposit-in-transit," and it did not disclose that the funds had been deposited into Red Rose's account to either the Group or Wesoloskie.

In March of 1995, Boyer & Ritter conducted an audit of the Group's 1994 accounts and discovered that the payment issued by General Motors to the Group had not been deposited in the Group's account as Latshaw claimed. In April of 1995, Boyer & Ritter issued a new audit report, which informed Group members that the 1993 cash balance had to be restated to exclude the receipt that had been reflected as a "deposit-in-transit" the previous year. Boyer & Ritter noted in a footnote that

the receipt had been erroneously deposited into Red Rose's checking account and had been subsequently repaid.

While preparing the 1994 audit for the Group, Boyer & Ritter was also preparing a schedule of proposed accounting adjustments for Red Rose. Upon reviewing the schedules, it discovered that Group funds had been placed by Latshaw into Red Rose's account as opposed to the Group's accounts. An investigation by Wesoloskie and Red Rose was performed, and they discovered that Latshaw had been embezzling Red Rose's corporate funds for approximately 10 years. The "mis-deposit" of the General Motors check had been part of a scheme to cover up his embezzlement of Red Rose funds. Latshaw was charged with embezzlement of more than $900,000 and pled guilty to the charges in November 1996.

The plaintiffs filed their complaint on January 27, 1997. In it, they aver two counts of negligence and one count of breach of contract. The plaintiffs aver in their two negligence counts that Boyer & Ritter violated its legal duty and professional obligation to disclose acts constituting fraud that it uncovered. They contend in their breach of contract count that Boyer & Ritter failed to use reasonable care and skill to conduct its review of Red Rose's accounts.

Pennsylvania Rules of Civil Procedure 1035.1 through 1035.5 govern summary judgment motions. Pa.R.C.P. 1035.2 provides:

"After the relevant pleadings are closed, but within such time as not to unreasonably delay trial, a party may

move for summary judgment in whole or in part as a matter of law

"(1) whenever there is no genuine issue of any material fact as to a necessary element of the cause of action or defense which could be established by additional discovery or expert report, or

"(2) if, after the completion of discovery relevant to the motion, including the production of expert reports, an adverse party who will bear the burden of proof at trial has failed to produce evidence of facts essential to the cause of action or defense which in jury trial would require the issues to be submitted to a jury."

The burden of responding to a motion for summary judgment is set forth in Pa.R.C.P. 1035.3:

"(a) . . . the adverse party may not rest upon the mere allegations or denials of the pleadings but must file a response within 30 days after service of the motion identifying

"(1) one or more issues of fact arising from evidence in the record controverting the evidence cited in support of the motion or from a challenge to the credibility of one or more witnesses testifying in support of the motion, or

"(2) evidence in the record establishing the facts essential to the cause of action or defense which the motion cites as not having been produced."

In reviewing summary judgment cases, the record must be viewed in the light most favorable to the non-moving party, and all doubts as to the existence of a genuine issue of material fact must be resolved against the moving party. *Ertel v. Patriot-News Co.,* 544 Pa. 93, 98, 674 A.2d

1038, 1041 (1996), *cert. denied,* 519 U.S. 1008, 117 S.Ct. 512, 136 L.Ed.2d. 401 (1996).

Boyer & Ritter contends that the plaintiffs are barred from recovery on their negligence counts due to their contributory negligence, their failure to identify any duty it owed to the plaintiffs and their failure to control the negligence of a third person, who was the legally contributing cause of the plaintiffs' harm. It also contends that the plaintiffs are barred from recovery on their claim for breach of contract because they failed to plead a breach of any specific duty it owed.

Our Superior Court has held that contributory negligence is applicable in a professional negligence claim. *Gorski v. Smith,* 812 A.2d 683 (Pa. Super. 2002). The *Gorski* court concluded that, since legal malpractice actions do not involve bodily injury or damage to property, such actions are outside the scope of the Pennsylvania Comparative Negligence Act, 42 Pa.C.S. §7102, and that the doctrine of contributory negligence applies. *Id.* at 702.

More recently, in July of 2003, our Superior Court held that a defense of contributory negligence is also available to a defendant-accounting firm in a malpractice action commenced by its client. See *Columbia Medical Group Inc. v. Herring & Roll P.C.,* 829 A.2d 1184 (Pa. Super. 2003). Accordingly, the defense of contributory negligence has been appropriately pled in this case. However, because Boyer & Ritter's motion as to the negligence counts can be adjudicated by addressing the duty issue, the issue of contributory negligence need not be reached.

Boyer & Ritter contends that the plaintiffs' negligence counts fail to identify any duty it owed to the plaintiffs and that the plaintiffs are barred from recovery on their claim for breach of contract because they failed to plead a breach of any specific duty owed by Boyer & Ritter to the plaintiffs. Absent contractual relations between a plaintiff and defendant-accountant, an action founded on a claim for professional negligence will not lie. *Landell v. Lybrand,* 264 Pa. 406, 107 A. 783 (1919). The *Lybrand* court held that professional negligence claims must arise out of the breach of an identified duty and that, because the plaintiff in that case was a stranger to the defendant-accountant, no duty was owed to the plaintiff. *Id.* at 408, 107 A. at 783. "The Pennsylvania Supreme Court requires privity between a plaintiff and a defendant-accountant to maintain a professional negligence action." *Williams Controls Inc. v. Parente, Randolph, Orlando, Carey & Associates,* 39 F. Supp.2d 517, 523 (M.D. Pa. 1999), citing *Landell v. Lybrand,* 264 Pa. 406, 107 A. 783 (1919). Our Pennsylvania Supreme Court upheld the "strict privity" rule for professional negligence actions in *Guy v. Liederbach,* which held that "important policies require privity[, as in] an attorney-client or analogous professional relationship, or a specific undertaking . . . to maintain an action in negligence for professional malpractice . . . ." *Guy v. Liederbach,* 501 Pa. 47, 51, 459 A.2d 744, 746 (1983).

The agreement between Boyer & Ritter and Red Rose, which agreement formalized the services to be performed, is evidenced in engagement letters for the years ending 1993 and 1994. The engagement letter for the year end-

ing 1993 outlines the services to be performed by Boyer & Ritter for Red Rose as: to compile the balance sheet of Red Rose and the related statements of income, retained earnings, cash flows and other data given to Boyer & Ritter.[1] Boyer & Ritter contracted to prepare Red Rose's federal and Pennsylvania taxes and to provide the annual calculations for new vehicle and parts LIFO reserve.[2] The engagement letter for the year ending 1994 includes the same services to be performed as the engagement letter for the year ending 1993.[3] It also indicates that the services to be performed are "not designed and cannot be relied upon to disclose errors, irregularities or illegal acts, should any exist." However, Boyer & Ritter was required to inform Red Rose if any such matters came to its attention.[4] Both engagement letters are signed by Robert Wesoloskie, as president of Red Rose, to confirm that the services outlined in the letters are correct as understood by him.

Both engagement letters indicate only that Boyer & Ritter owed the duties of preparing federal and Pennsylvania taxes and LIFO reserve calculations to Red Rose. Neither states, expressly or impliedly, that Boyer & Ritter would audit Red Rose to uncover fraud or deception. In fact, the 1994 letter explicitly states that Boyer & Ritter would not perform services designed to uncover fraud or deception.

The plaintiffs' complaint pleads that Boyer & Ritter was negligent in failing to discover that the information

---

1. Exhibit "D" to defendant's motion.
2. See footnote 1.
3. See footnote 1.
4. See footnote 1.

Latshaw provided Boyer & Ritter was fraudulent.[5] However, as noted above, Boyer & Ritter was not hired to discover fraudulent information. The plaintiffs' complaint does not aver a breach of any of the identified duties of preparation of tax returns or preparation of annual calculations for LIFO reserve. After viewing all the evidence in the light most favorable to the plaintiffs and applying the analysis set forth in *Landell v. Lybrand, supra,* to the facts in this case, I find that the plaintiffs have failed to identify any duty owed them by the defendant and that their two negligence counts must fail. Boyer & Ritter is entitled to summary judgment on those counts.

Boyer & Ritter also contends that the breach of contract count in the complaint should be dismissed because it fails to set forth a claim for a breach of contract. Failure to perform a service with the requisite level of professional skill "typically constitutes a claim of negligence, not breach of contract." *The Official Committee of Unsecured Creditors of Correl Steel v. Fishbein and Company P.C.,* 1992 U.S. Dist. Lexis 11618, at \*17 (E.D. Pa. 1992), citing *Yosuf v. U.S.,* 642 F. Supp. 415, 426-27 (M.D. Pa. 1986); *Hoyer v. Frazee,* 323 Pa. Super. 421, 425, 470 A.2d 990, 992-93 (1984). An accountant's failure to perform an audit in accordance with the professional standard of care gives rise to a claim for negligence, not breach of contract. *Robert Wooler Co. v. Fidelity Bank,* 330 Pa. Super. 523, 479 A.2d 1027 (1984).

The *Fishbein* court held: "an action in contract is for the breach of a duty arising out of a contract either express or implied, while an action in tort is for breach of a duty imposed by law, which arises from an obligation

---

5. Complaint at ¶35.

created by a relation, ordinarily unconnected with a contract, but may arise independently of any contract or by virtue of contract relations." *Fishbein,* 1992 U.S. Dist. Lexis 11618 at *18. (citation omitted)

The *Fishbein* court held further that the contract was not the source of the accountant's duty to act with professional care, but that, to the contrary, the duty to act with professional care arose from a duty imposed by law. *Id.* In order to state a claim for breach of contract, a plaintiff must plead and prove the breach of a specific provision of the contract, rather than a general duty to act with due care. *Hoyer v. Frazee,* 323 Pa. Super. 421, 425-26, 470 A.2d 990, 992-93 (1984).

The plaintiffs' complaint contains only two substantive paragraphs pertaining to the alleged breach of contract, and both are couched in the clear verbiage of a negligence claim. Paragraph 40 asserts that Boyer & Ritter "breached its engagement contract with Red Rose which required B&R to use reasonable care and skill to conduct the review of Red Rose's accounts and to inform Red Rose" about its financial condition.[6] The plaintiffs do not plead that a specific provision of the contract has been breached. Their contention that Boyer & Ritter did not use reasonable care and skill constitutes a breach of a general duty to act with due care, which is imposed by law. Ultimately, their assertion constitutes a claim for professional negligence and does not constitute a claim for breach of contract. After viewing all the evidence in the light most favorable to the plaintiffs and applying the analysis set forth in *Hoyer* and *Fishbein, supra,* to the facts in this case, I find that the plaintiffs have failed

---

6. Complaint ¶40.

to plead a breach of contract and that this count must fail. Boyer & Ritter is entitled to summary judgment on this count.

Accordingly, I enter the following:

## ORDER

For the reasons stated in the foregoing opinion, the motion for summary judgment filed by the defendant, Boyer & Ritter, is granted. Judgment is entered in favor of the defendant and against the plaintiffs, and the complaint is stricken.